**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Orlando SERRANO, Defendant–Appellant.**

No. 04–40050.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 1, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Jose Orlando Serrano, Bennettsville, SC, pro se.

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Jose Orlando Serrano (Serrano) appeals his 57–month sentence for conspiracy to possess with the intent to distribute marijuana. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. He argues that the district court's imposition of a two-level increase in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon violates *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the facts supporting the adjustment were neither admitted by him nor proved beyond a reasonable doubt to a jury. "An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Mares*, 402 F.3d 511, 516, 520 (5th Cir.2005) (internal quotation marks and citations omitted), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005). Serrano has not satisfied the third prong of the plain error test because he has not shown that "the sentencing judge—sentencing under an advisory scheme rather than a mandatory

---

one—would have reached a significantly different result." *Id.* at 521.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.